Learned, P. J.
We do not see that this case is mate-from its condition on the former trial.
The plaintiff beckoned to have the cars back down before he stepped between to couple them. When the cars were within three or four feet of each other he saw that the bumper of the stationary car was lower than that of the approaching car (or vice versa, according to some part of his testimony); and he saw that the straight link would not enter the opposite bumper.
When one bumper is lower than the other it is customary to use a crooked link. This accommodates itself to the difference in height. Such crooked links are carried for that purpose, And they were at hand on this occasion; for, after plaintiff’s failure to make the coupling, another employee went to the caboose and got a crooked link and made the coupling.
But the plaintiff, instead of getting the kind of link provided for coupling where bumpers are at different heights, thought that he could lift up the straight link and thus put it in its place. The straight link was in the moving car, although there was some variance in plaintiff’s testimony on this point. And the bumper on that car was the lower.
He took hold of the link and moved along as the car moved, facing the stationary car. But he could not put the link into the bumper, and he let go of the link and was coming out from the between the cars when his hand was .smashed between the dead-woods.
These dead-woods are projecting pieces of wood, one each side of the bumper on each car, and. are intended to receive the blow when the cars strike together. If the cars come together lightly, the dead-woods do not meet; if the cars come together with considerable force, the dead-woods meet.
The plaintiff had dropped the link, finding that he could not make the coupling, and was coming out; and it was after his body was outside that his hand, as he says, was behind him in some way farther in than his body and got caught.
The reason why the dead-woods came together in this instance, as appears by the testimony of Shafer, was that the bumper of the moving car passed under that of the stationary car; and thus there was nothing to keep the cars apart until the dead-woods struck. If the plaintiff had succeeded in putting the link into the bumper, undoubtedly the link would have kept the cars apart so that the dead-woods would not have met.
*776 It appears then that the plaintiff lmew of the defect, and that he did not take the proper means provided. That is, he did not get a crooked link, which could have been and was afterwards used. Had he done this there is no reason to think that the dead-woods would have met. For Shafer testifies that the cars were coming back very slowly, “ very safe for any man to make the couple.”
The plaintiff further says that he never stepped in knowingly previous to this occasion, and on this occasion he stepped in knowingly because there were only three or four cars, and they were platform and light cars.
The case of Gottlieb v. Erie R. R. (36 Sup. Ct. N. Y. [27 Hun], 640), was one where an accident occurred in a manner somewhat similar to this. But in that case the person injured did not know of the defect and could, under the circumstances, have hardly discovered it.
If the defect in the bumper was the cause of the accident, and this is not quite clear, even then the plaintiff knew of this defect and went knowingly between the cars, and did not procure, as he should have done, a crooked fink with which to make the coupling. He, therefore, exposed himself knowingly and negligently to danger, and should not recover of the defendant.
Judgment affirmed, with costs.
Bo.okes and Landon, JJ., concur.